STATE OF NORTH DAKOTA, Appellant, v. HERBERT F. SWETT, Respondent.

(216 N. W. 338.)

**Liens — surrender of insurance policy assigned without delivery not a statutory offense.**

The assignment of an insurance policy without delivery, the said policy being retained by the assignor in his possession and under his control, with no effort on the part of the assignee to make the assignment effective under the conditions of the insurance policy, is not in effect a lien such as is contemplated in § 10,248 Comp. Laws 1913, and the subsequent surrender of such policy to the insurance company in accordance with the terms thereof is not an offense under that statute.

Opinion filed November 26, 1927.

Liens, 37 C. J. § 48 p. 332 n. 85.

Appeal from the District Court of Burleigh County, *Coffey,* J. Affirmed.

*F. E. McCurdy,* State's Attorney, for appellant; ·
*Lemke & Weaver,* for respondent.

BURKE, J.   The state's attorney of Burleigh County filed an information against the defendant, Herbert F. Swett, to wit:

"To the District Court in and for said County:

"F. E. McCurdy State's Attorney in and for said county of Burleigh, and state of North Dakota, in the name and by the authority of the state of North Dakota, informs this court, that, heretofore, to-wit, on or about the 11th day of July in the year of our Lord one thousand, nine hundred and twenty-seven at the county of Burleigh in the state of North Dakota, one Herbert F. Swett late of the county of Burleigh and state aforesaid, did commit the crime of disposing of property on which there was a known existing lien, committed in the manner following, to wit:

"That the said time and place the said defendant then and there willfully, unlawfully, and feloniously with intent to defraud the successors in interest in the City National Bank of Bismarck, North Dakota, did sell and surrender to the Provident Life Insurance Company of Bismarck, North Dakota the cash surrender value of a certain insurance policy issued by said insurance company number 5725 and the said cash surrender value of said policy was more than the sum of one hundred dollars.   That on or about the 21st day of November, 1924, the defendant executed and delivered to the officers of the City National Bank, of Bismarck an assignment of all of the interest in said insurance policy for the purpose of securing the payment of certain notes due to said bank; that said assignment was never revoked and the debt secured thereby was not paid; that the City National Bank and its successors in interest did not file the assignment with the insurance company nor elsewhere except in its own files and the insurance policy was not surrendered but was retained at all times by the defendant; that on the said 11th day of July, 1927, the defendant surrendered said insurance to the Provident Insurance Company and received the sum of $277 therefor which was the cash surrender of the said insurance policy on that date and that at the time the said defendant well knew of the creation and existence and continuation of the lien aforesaid and did the said things and act in connection with the surrender

of the policy and the collection of the money with the intent to defraud the successors in interest of the said City National Bank. That the notes and security referred to is the property of Depositors Holding Co. the successor in interest of said City National Bank. This against the peace and dignity of the state of North Dakota and contrary to the form of the statute in such cases made and provided.

"Dated this 21 day of July 1927.

"F. E. McCurdy

"State's Attorney in and for Burleigh County, N. D."

There was a demurrer to the information on the grounds that the facts stated therein do not constitute a public offense which demurrer was sustained, and the state appeals. It was stipulated that in the consideration of the demurrer the court might inspect and consider the assignment by the defendant to the City National Bank.

A certified copy of the policy was also filed for consideration by the court, and it further appears in the information, that the defendant did not deliver the policy to the said bank at any time, but retained the same in his possession and under his control until it was surrendered by the defendant to the insurance company.

The only question involved in the case, is, was the surrender of the insurance policy to the insurance company an offense under § 10,248 Comp. Laws 1913, which reads as follows? "Every person having in his possession, or under his control, any personal property upon which there is known to him to be a subsisting lien, either by operation of law or by contract, who willfully destroys, removes from the county, conceals, sells or in any manner disposes of, otherwise than as prescribed by law, or materially injures such property or any part thereof, without the written consent of the then holder of such lien, is guilty of:

"1. A misdemeanor, if the value of the property does not exceed one hundred dollars; or

"2. A felony, if the value of the property exceeds such sum."

It is the contention of the defendant that the assignment of the insurance policy without delivery, and the retention of the same by the defendant did not constitute a lien such as is contemplated in § 10,248; that it was the intention of the legislature to include only the statutory liens as defined by law arising either under contract or by

operation of law. The policy contains the following provision: "No assignment hereof shall be binding upon the company unless made by an instrument in writing, endorsed upon this policy or attached hereto, nor unless a duplicate shall be furnished to the company forthwith upon its execution."

The assignment was made upon the 21st day of November, 1924, and the surrender of the policy to the Insurance Company was on the 11th day of July, 1927, nearly three years after the alleged assignment of the policy to the bank. No notice of the assignment was ever given to the insurance company by the bank and no action was ever taken by said bank to make effective any assignment or claim against the said policy, and we are of the opinion that whatever claim or right the said bank had as against the said policy it did not amount to a mortgage as contended by the state, and that the surrender of said policy to the insurance company was not such a disposal of property subject to a lien as is contemplated in § 10,248 and the judgment of the trial court is affirmed.

BIRDZELL, Ch. J., and BURR, NUESSLE, and CHRISTIANSON, JJ., concur.